IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN TERHAAR )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, Acting Commissioner )<br>of Social Security, )<br>)<br>Defendant. ) | No. 14 C 1163<br><br>Magistrate Judge Susan E. Cox |

# ORDER

Plaintiff Steven Terhaar ("Plaintiff") appeals the Commissioner of Social Security's decision to deny his Supplemental Security Income benefits under Title XVI of the Social Security Act. We grant Plaintiff's motion for summary judgment [dkt. 14] and deny the Commissioner's motion for summary judgment [dkt. 22]. The Administrative Law Judge's decision is remanded for further proceedings consistent with this opinion.

# STATEMENT

Plaintiff appeals the Commissioner of Social Security's decision to deny him Supplemental Security Income Benefits under Title XVI of the Social Security Act.[1] A motion for summary judgment has been filed on behalf of Plaintiff Steven Terhaar ("Plaintiff"). A motion for summary judgment has been filed on behalf of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"). For the reasons outlined below, we grant Plaintiff's motion [dkt. 14] and deny the Commissioner's motion [dkt. 22]. The Administrative Law Judge's ("ALJ") decision is remanded for further proceedings consistent with this opinion.

Plaintiff was entitled to supplemental security benefits based on disability as a child because of attention deficit hyperactivity disorder ("ADHD").[2] Plaintiff currently has bipolar

---
[1] *See* 42 U.S.C. §§ 405(g), 416(i), 423(d).
[2] R. at 22, 68.

1

disorder as well as ADHD.[3] The same counselor, Amy Coots-Smith, LCPC, has treated Plaintiff biweekly since October 2008.[4] Plaintiff had also been seeing his psychiatrist, Dr. Aamir Safdar, M.D., since October 2008.[5]

On June 16, 2010, the Social Security Administration notified Plaintiff that he was no longer eligible for Supplemental Security Income because he did not meet the eligibility requirements as an adult.[6] As of June 1, 2010, the Administration did not consider Plaintiff disabled anymore.[7] Upon reconsideration, the Administration upheld its decision that Plaintiff was no longer disabled, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").[8]

In connection with the case, Ms. Coots-Smith indicated in a December 6, 2011 report that Plaintiff was not capable of working in a competitive job, and had marked limitations in all areas: concentration, persistence and pace; restriction in daily living; difficulties maintaining social functioning.[9] However, she had encouraged him to seek employment and facilitated discussions with Plaintiff and his parents regarding his desire to attend college.[10] In a March 8, 2012 report, Dr. Safdar opined that Plaintiff had a marked limitation with concentration, persistence and pace, but only moderate difficulties in the other two areas.[11]

On September 10, 2012, ALJ Roxanne Kelsey held a hearing in which Plaintiff and a vocational expert testified.[12] The ALJ gave the vocational expert a hypothetical that included a

---

[3] R. at 24.
[4] R. at 527.
[5] R. at 570.
[6] R. at 71.
[7] R. at 24.
[8] R. at 94, 97.
[9] R. at 528.
[10] R. at 536, 540, 548, 550, 553.
[11] R. at 572.
[12] R. at 40.

lack of ability to carry out detailed instructions but the ability to retain sustained concentration necessary for simple, routine work.[13] The vocational expert testified that given the Plaintiff's limitations, he could perform jobs such as warehouse worker, hand packager or kitchen helper.[14] Plaintiff testified that he was not attending community college and spent his time watching television, playing video games, and going for bike rides.[15] He also testified that he had trouble focusing and often had to rewind when watching television because he has trouble paying attention.[16] Additionally, two state agency consultants reviewed the record and reported that Plaintiff had moderate limitations in all categories, including concentration, persistence and pace.[17] They subsequently opined that Plaintiff could perform unskilled work.[18]

In the ALJ's findings after the hearing, she did not give controlling weight to the opinions of Plaintiff's treating mental health care providers, Dr. Safdar and Ms. Coots-Smith.[19] According to the ALJ, the opinions were inconsistent with the Plaintiff's own testimony that he taught himself to use Skype and played video games 4 to 5 hours a day.[20] The ALJ also found that the counselor's notes suggested less limitation than her report indicated, and that the counselor had encouraged Plaintiff to appeal the Administration's decision.[21] Instead, the ALJ gave great weight to the opinions of the two state agency consultants who reviewed the record.[22] Based on those opinions and the record, the ALJ determined that the Plaintiff had only moderate difficulties in social functioning, and could perform some jobs despite those limitations.[23] The

---

[13] R. at 61.
[14] R. at 62.
[15] R. at 43.
[16] R. at 52.
[17] R. at 491, 514.
[18] *Id*.
[19] R. at 28.
[20] *Id*.
[21] *Id*.
[22] *Id*.
[23] *Id*.

ALJ also found that the Plaintiff's testimony was not fully credible or supportive of a finding of any greater limitations than the moderate difficulties assessed in determining job capability.[24]

Based on her determinations, the ALJ found that since June 1, 2010 (1) Plaintiff suffered from severe ADHD and bipolar affective disorder; (2) Plaintiff's impairments do not meet the severity of "the listings" in 20 C.F.R. Part 404, Subpart P, Appendix 1; (3) Plaintiff has the residual functional capacity to perform work at the full range of exertional levels, but with limitations in retaining information, concentrating and being off-task 5% of the workday; and (4) there are jobs in significant numbers in the national economy that the Plaintiff can perform.[25]

On October 16, 2013, the Appeals Council denied Plaintiff's request for review of the ALJ's determinations.[26] The decision of the ALJ became the final decision of the Commissioner of Social Security in the case.[27] Plaintiff then brought this action for appeal under 42 U.S.C. §405(g).

## DISCUSSION

### I. STANDARD OF REVIEW

The ALJ's decision must be upheld if it follows the administrative procedure for determining whether the plaintiff is disabled as set forth in the Act,[28] if it is supported by substantial evidence, and if it is free of legal error.[29] Substantial evidence is "relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[30] Although we review

---

[24] R. at 29.
[25] R. at 24-29.
[26] R. at 1, 5.
[27] *Id.*
[28] 20 C.F.R. §§ 404.1520(a) and 416.920(a).
[29] 42 U.S.C. § 405(g).
[30] *Richardson v. Perales*, 402 U.S. 389, 401(1971).

4

the ALJ's decision deferentially, she must nevertheless build a "logical bridge" between the evidence and her conclusion.[31] A "minimal[] articulat[ion] of her justification" is enough.[32]

## II.  THE ALJ IMPROPERLY GAVE LESS THAN CONTROLLING WEIGHT TO THE TREATING COUNSELOR AND PSYCHIATRIST'S OPINIONS

The "treating physician" rule requires that an ALJ give controlling weight to the medical opinion of a treating physician if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence.[33] If an ALJ does not give the opinion controlling weight, she must evaluate six criteria in deciding how much weight to afford a medical opinion: (1) the nature and duration of the examining relationship; (2) the length and extent of the treatment relationship; (3) the extent to which medical evidence supports the opinion; (4) the degree to which the opinion is consistent with the entire record; (5) the physician's specialization if applicable; and (6) other factors which validate or contradict the opinion.[34] An opinion is given controlling weight because "a treating physician has the advantage over other physicians whose reports might figure in a disability case because the treating physician has spent more time with the claimant."[35]

### A.  The ALJ Failed to Discuss Any of the Factors When Giving Less Than Controlling Weight to the Treating Physicians' Opinions

The ALJ clearly stated her finding that the treating physicians' opinions were not supported by the record, but then failed to discuss any of the other factors to determine how much weight to afford the opinions.[36] The ALJ was required to engage in this analysis because

---

[31] *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014).
[32] *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008).
[33] 20 C.F.R. § 404.1527(d)(2); *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013).
[34] 20 C.F.R. § 404.1527(d)(2)-(d)(6); *Harris v. Astrue*, 646 F. Supp. 2d 979, 999 (N.D. Ill. 2009).
[35] *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007).
[36] R. at 25.

she gave less than controlling weight to the treating physicians' opinions.[37] Dr. Safdar had a relationship with Plaintiff since 2008, and is a psychiatric specialist, which might support giving greater weight to his opinion.[38] Ms. Coots-Smith saw Plaintiff every other week to discuss any and all aspects of his life, a significant relationship that could afford more weight to her opinion as well.[39] Even if the ALJ disagrees, she must still consider and analyze the factors in her decision. The ALJ did briefly note the possibility that as a treating physician, Ms. Coots-Smith's opinion may be biased in favor of the Plaintiff,[40] which could accord the opinion less weight.[41] However, the ALJ merely noted it as a possibility, because Ms. Coots-Smith encouraged Plaintiff to appeal.[42] The ALJ should have instead included the potential bias in an analysis of the extent and relationship between the counselor and Plaintiff in assessing how much weight to give the opinion. Failure to analyze the requisite factors was clear error, and the ALJ's opinion should be reversed.

  **B.**  **The ALJ Failed to Fully Analyze the Medical Evidence to Support her Findings**

Courts caution ALJ's against analyzing only medical opinions that support their ultimate decision.[43] Mere differences between medical opinions is not reason enough to find inconsistency and disregard a treating physician's opinion without further analysis.[44] It creates a situation where the ALJ is effectively acting as a physician to substitute her medical opinion for

---

[37] 20 C.F.R. § 404.1527(d)(2)-(d)(6).
[38] R. at 570.
[39] R. at 527.
[40] R. at 28.
[41] *Hofslien v. Barnhart*, 439 F.3d 375, 377 (7th Cir. 2006).
[42] R. at 28.
[43] *See Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014) ("The ALJ may not analyze only the evidence supporting her ultimate conclusion while ignoring the evidence that undermines it.").
[44] *Oakes v. Astrue*, 258 Fed. App'x 38, 44 (7th Cir. 2007). *See also Gudgel v .Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003) ("a contradictory opinion of a non-examining physician does not, by itself, suffice").

that of a treating physician.[45] Here, the ALJ gave the most weight to the consulting agents' opinions without explanation or analysis of the treating physician's opinions. Dr. Safdar indicated that Plaintiff had a marked limitation in only one area and moderate limitations in the others.[46] The state agents indicated moderate limitations in all areas.[47] The ALJ failed to discuss this difference, and instead simply disregarded the treating physician's opinion without any analysis. The ALJ only stated that the agents' opinions supported her findings, substituting her own medical judgment to decide which opinion was best.[48]

Differences in medical opinions and the record alone do not constitute a valid reason to give less than controlling weight to treating physicians.[49] The ALJ found that Plaintiff's testimony did not corroborate the treating physician's opinions, but failed to provide any analysis as to how or why the differences were meaningful. For example, she did not discuss how the ability to use Skype or play video games equates to her finding that Plaintiff was able to concentrate with less than a marked limitation, contrary to the treating physicians' opinions.[50] The ALJ focused on the evidence that supported her ultimate decision while ignoring evidence on the record that contradicted her conclusions. The ALJ again substituted her own medical judgment regarding Plaintiff for that of the treating physicians. By not fully analyzing the factors and the evidence in the record, the ALJ improperly reached her decision.

---

[45] *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000).
[46] R. at 572.
[47] R. at 491, 514.
[48] R. at 25.
[49] *Oakes*, 258 Fed. App'x at 44.
[50] R. at 28.

7

## III. THE ALJ'S DETERMINATION OF THE PLAINTIFF'S CREDIBILITY WAS "PATENTLY WRONG"

Plaintiff challenges the ALJ's determination that his testimony regarding the extent of his limitations was not credible.[51] Credibility determinations of an ALJ are given substantial deference because she can see and hear the witnesses and assess their credibility.[52] A credibility determination will only be overturned if it is "patently wrong."[53] When an ALJ's determination lacks any explanation or support, it is "patently wrong."[54]

Courts have frequently noted a failure to consider that "the critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter" when analyzing testimony.[55] Here, the ALJ did not create a "logical bridge" to support her findings. The ALJ used the testimony of Plaintiff's ability to figure out Skype and play video games to discredit Plaintiff's treating physicians and support her finding that Plaintiff can do unskilled work.[56] However, the ALJ must recall there is a difference between being able to play video games at one's own pace and having to follow a work schedule as, for example, a warehouse worker. The ALJ did not explain how the Plaintiff's ability to play video games and learn Skype would translate to an ability to perform job functions. Instead, the ALJ worked backwards from her conclusion that the Plaintiff was not disabled, and focused on activities that the Plaintiff can manage at his own pace, in order to support her findings. Failing to find the testimony credible was legal error.

---

[51] *Id.*
[52] *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000). *See also Harris*, 646 F. Supp. 2d. at 992 (noting ALJ's are in the best position to observe a witness).
[53] *Powers*, 207 F.3d at 435.
[54] *Elder v. Astrue*, 529 F.3d 408, 413-414 (7th Cir. 2008).
[55] *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012).
[56] R. at 28.

## CONCLUSION

For the foregoing reasons, we remand this matter for further proceedings consistent with this opinion. Plaintiff's motion for summary judgment is granted [dkt. 14] and the Commissioner's motion for summary judgment is hereby denied [dkt. 22].


**ENTER:**
**DATED:** June 11, 2015                                        /s/ Susan E. Cox

                                                                                 Susan E. Cox
                                                                                 United States Magistrate Judge